IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| MICHAELA MILLER, § | |
| § | |
| Plaintiff, § | Civil Action No. 1:15-cv-01166 |
| § | |
| v. § | |
| § | **Jury Trial Demanded** |
| AMERICAN CORADIUS § | |
| INTERNATIONAL, LLC, § | |
| § | |
| Defendant. § | |

# COMPLAINT

MICHAELA MILLER ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., allege the following against AMERICAN CORADIUS INTERNATIONAL, LLC. ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and Texas Debt Collections Practices Act, Tex. Fin. Code Ann. § 392.301 *et seq.* ("Texas FDCPA"). Both statutes prohibit debt collectors from engaging in unfair and unlawful debt collection practices.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Supplemental jurisdiction over all state law claims is proper pursuant to 28 U.S.C. § 1367 *et seq.*

4. Defendant regularly conducts business in the State of Texas, thus, personal jurisdiction is established.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

6. Plaintiff is a natural person residing in Somerville, Texas.

7. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

8. Defendant is a national debt collection company with its principal place of business located at 2420 Sweet Home Rd., Suite 150, Amherst, New York, 14228.

9. At all relevant times, Defendant acted as a "debt collector(s)" within the meaning of 15 U.S.C. § 1692(a)(6), and attempted to collect a "debt" as defined by 15 U.S.C. § 1692(a)(5).

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. Upon information and belief, at all relevant times herein, Defendant was attempting to collect an alleged consumer debt.

12. Upon information and belief, the alleged debt arose out of transactions that were for personal, family, or household purposes, as Plaintiff does not have any business debts.

13. Beginning in or around October 2015, and continuing thereafter, Defendant's collectors placed repeated harassing telephone calls to Plaintiff's cellular telephone in its attempt to collect the alleged debt.

14. At all relevant times, Defendant was contacting Plaintiff in its efforts to collect a debt from someone named Dana Carter.

15. Upon initial communication on October 3, 2015, Plaintiff informed Defendant that it was calling the wrong person and that she did not know anyone named Dana Carter.

16. Plaintiff recalls the call taking place on this date because she was in the hospital after just having given birth to her son when she received the call.

17. Despite advising Defendant that it was calling the wrong person and that she did not know anyone named Dana Carter, Defendant continued to call her.

18. Once Defendant was aware that its calls were to the wrong party any further calls could only have been for the purpose of harassing and coercing payment from a non-debtor.

19. Defendant's calls were often placed at inconvenient times, such as when she was receiving maternity care and during her son's first month check-up appointment.

20. Plaintiff became so frustrated by the continued calls and Defendant's failure to cease calling that she went onto Facebook and attempted to "Dana Carter."  However, she was unable to find the correct party.

21. During subsequent calls she continued to tell Defendant that it had the wrong party and to stop calling, but it ignored her requests, ultimately requiring her to retain counsel.

22. Defendant's actions in attempting to collect the alleged debt were harassing, abusive, and taken with the intent to coerce payment from Plaintiff.

## COUNT I
## DEFENDANT VIOLATED § 1692d and § 1692d(5) OF THE FDCPA

23. A debt collector violates § 1692d of the FDCPA by engaging in any conduct the natural consequence of which it to harass, oppress, or abuse any person in connection with the collection of a debt.

24. A debt collector violates § 1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

25. Defendant violated section 1692d and 1692d(5) when it called Plaintiff repeatedly and continuously for a debt that was not hers and with knowledge she was not the debtor.

## COUNT VII
## DEFENDANT VIOLATED § 1692f OF THE FDCPA

26. A debt collector violates section 1692f of the FDCPA by using unfair or conscionable means to collect or attempt to collect any debt.

27. Defendant violated § 1692f of the FDCPA when it called Plaintiff concerning a debt that was not hers and with knowledge she was not the debtor and that the calls were unwanted.

## COUNT VIII
## DEFENDANT VIOLATED § 392.302(4) OF THE TEXAS FDCPA

28. A debt collector violates § 392.302(4) of the Texas FDCPA by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number.

29. Defendant violated § 392.302(4) when it repeatedly and continuously placed telephone calls to Plaintiff's cellular telephones when it knew she was not the debtor and that its calls were unwanted.

WHEREFORE, Plaintiff, MICHAELA MILLER therefore respectfully prays for judgment as follows:

a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1) and §392.403(a)(2) of the Texas FDCPA;

b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs, pursuant to 15 U.S.C. § 1693k(a)(3) and §392.403(b) of the Texas FDCPA;

d. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, MICHAELA MILLER, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

KIMMEL & SILVERMAN, P.C.

DATED: 12-14-15

By: */s/ Amy L. Bennecoff Ginsburg*
Amy L. Bennecoff Ginsburg
30 East Butler Pike
Ambler, Pennsylvania 19002
Phone: (215) 540-8888
Facsimile: (877) 788-2864
Email: aginsburg@creditlaw.com